UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWARD RAY VAN EPPS,    :
    :
    Plaintiff,    :
    :    PRISONER CASE
    v.    :    NO. 3:11-cv-1144 (MRK)
    :
ETHAN KELLY, et al.,    :
    :
    Defendants.    :

**INITIAL REVIEW ORDER**

Plaintiff Edward Ray Van Epps, currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. He sues Case Manager Ethan Kelly of Connection, Inc., Employment/Housing Specialists David Cockrell and Rosalyn Biggins of Connection, Inc., Therapist Martina Kardal of Connection, Inc., and Probation Officers Peter Corasone and Ronald Pelliccia.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*.

Rule 8 of the *Federal Rules of Civil Procedure* requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations
omitted). A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of
the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual
enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to liberally
construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint
still must include sufficient factual allegations to meet the standard of facial plausibility.

According to his Complaint [doc. # 1], Mr. Van Epps came under the supervision of
the Court Support Services Division of the Connecticut Superior Court in New Haven on May
6, 2009, pursuant to his term of probation. On May 15, 2009, Mr. Van Epps entered a
residential housing facility called Sierra Center. At the facility, Case Manager Ethan Kelly
was assigned to secure mental health, housing, and employment services for Mr. Van Epps
from area providers.

In June 2009, Mr. Van Epps was referred to The Connection Inc.'s Center for the
Treatment of Problem Sexual Behavior. Mr. Van Epps underwent an assessment at the Center
in early June 2009. On June 18, 2009, Mr. Van Epps began treatment at the Center. Mr. Van
Epps participated in group therapy sessions from July 15, 2009 to October 12, 2010.

In January 2010, Mr. Van Epps was discharged from Sierra Center to a shelter. Mr
Van Epps asserts that Housing/Employment Specialist Dave Cockrell failed to find an
adequate housing arrangement for Mr. Van Epps. He was subsequently forced to live on the
street. Mr. Van Epps also asserts that Case Manager Kelly failed to provide appropriate
mental health services to him and Therapist Martina Kardal failed to adequately treat his

mental health conditions and failed to refer him to an appropriate mental health treatment center.

Mr. Van Epps does not mention Defendants Carasone, Pelliccia, and Biggins in the body of his Complaint, and he mentions Defendants Kelly, Cockrell, and Kardal only passingly there. However, he claims, pursuant to 42 U.S.C. § 1983, that all of the Defendants, in their individual and official capacities, acted under color of state law to deprive Mr. Van Epps of his rights under the Fourth, Eighth, and Fourteenth Amendments.

Construing his Complaint liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court interprets Mr. Van Epps's claim as an allegation that Defendants showed deliberate indifference to his serious mental health needs, in violation of either the Eighth or Fourteenth Amendments. *See Estelle v. Gamble*, 429 U.S. 97 (1976). While the Constitution does not require that a State provide its citizens with adequate housing, *see Lindsey v. Normet*, 405 U.S. 56 (1972), or other protective services, *see DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189 (1989), the Supreme Court has made clear that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 199-200; *see also Youngberg v. Romeo*, 457 U.S. 307 (1982) (requiring states to provide involuntarily committed mental patients with services necessary to ensure their reasonable safety). Thus, were Mr. Van Epps to show that he was deprived of necessary mental health care while institutionalized, he might have a cognizable constitutional claim. *But see McGhie v. Main*, No. 11-CV-3110 (NGG)(JO), 2011 WL 4852268 (E.D.N.Y. Oct. 12, 2011) (dismissing a deliberate indifference claim because the plaintiff was on supervised release rather than incarcerated or institutionalized).

Mr. Van Epps has not done this in his current Complaint. Although he makes conclusory allegations that his mental health care was inadequate during his time in residence at the Sierra Program, an attachment to the Complaint documents the mental health evaluations and ongoing counseling that Mr. Van Epps *did* receive during 2009 and 2010. Mr. Van Epps has not plausibly alleged that any of the Defendants knew of and consciously disregarded any excessive risks to Mr. Van Epps's health or safety. *See Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000). For this reason, the Court dismisses Mr. Van Epps's claims against all of the Defendants. *See* 28 U.S.C. § 1915A(b)(1).

The Court dismisses these claims without prejudice to renewal, however. This means that if Mr. Van Epps wishes to amend his complaint to provide more detailed and plausible allegations about the Defendants' deliberate indifference to his mental health needs, he may do so **no later than January 6, 2012**. The Court cautions Mr. Van Epps that if he files an Amended Complaint, the Court will again screen it pursuant to 28 U.S.C. § 1915A to determine whether it states a claim upon which relief may be granted. To state a claim, Mr. Van Epps will need to plausibly allege that the Defendants showed "a conscious disregard of a substantial risk of serious harm." *Cuoco*, 222 F.3d at 107. Not only that, but they must have done so at a time when Mr. Van Epps was in the State's custody—or in a situation involving similar restraints on his ability to care for himself. *See DeShaney*, 489 U.S. at 200.

Mr. Van Epps's Complaint [doc. #1] is DISMISSED without prejudice to renewal. While Mr. Van Epps may amend and re-file his complaint no later than January 6, 2012, he may not appeal this decision in forma pauperis, as such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The clerk is instructed to close this case, without prejudice to its reopening should Mr. Van Epps's file an Amended Complaint on or before January 6, 2012.

IT IS SO ORDERED.

  /s/  Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: November 9, 2011.